IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40377
Conference Calendar
_____

WILLIE D. BEASLEY,

Plaintiff-Appellant,

versus

JIMMY ALFORD, Warden, Michael Unit;
TEXAS BOARD OF PARDONS AND PAROLE;
MICHAEL MOORE, Regional Director;
JAMES COLLINS; Michael Unit Medical Dep't,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-876
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Willie D. Beasley challenges the magistrate judge's dismissal of his suit as frivolous. A complaint filed IFP can be dismissed by the court <u>sua</u> <u>sponte</u> if the complaint is frivolous. 28 U.S.C. § 1915(d). A complaint is "`frivolous where it lacks an arguable basis either in law or in fact.'" <u>Denton v.</u>

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  This court reviews a § 1915(d) dismissal for abuse of discretion.  Denton, 504 U.S. at 33.

Beasley argues that he was wrongly denied protective safe-keeping status.  To establish a failure-to-protect claim under the Eighth Amendment, a prisoner must show that prison officials were deliberately indifferent to his need for protection.  Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).  A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).  Beasley did not allege any facts tending to show that prison officials were deliberately indifferent to his safety.  His allegation that he required protection because of his homosexuality does not establish that he required removal from the general population.  The magistrate judge noted that the Bureau of Classifications found that Beasley was not entitled to safe-keeping because Beasley had a history of aggressive sexual misconduct and was of a large build.  Beasley has not challenged this finding or otherwise shown any facts that would indicate that he suffered a substantial risk of harm of which prison officials were aware.

Beasley's allegation that prison guards backed out of the room while Beasley was being beaten by inmate Wilson suggests that these corrections officers may have failed to protect Beasley; nevertheless, Beasley sued the Classification Board, has

not alleged facts that the Board was aware of any threat posed by inmate Wilson or any other inmate, and has abandoned any contentions regarding these guards by not raising them on appeal.[**]

Beasley repeats his factual allegations from the court below regarding the late notice of the unfavorable outcome of his meeting with the Board of Pardons and Paroles. Under Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994), a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus in order to recover damages for an allegedly unconstitutional imprisonment. Id. at 2372. Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed. Id. at 2373. An action attacking the validity of a parole or probation revocation proceeding calls into question the fact and duration of confinement and, thus, must meet the requirements of Heck. Cotton v. Texas Dep't Criminal Justice, No. 94-10532 (5th Cir. Aug. 26, 1994) (unpublished) (parole); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.) (probation revocation, citing Cotton), cert. denied, 64 U.S.L.W. 3243 (U.S. 1995). Thus, Beasley's claims against the Board of Pardons and Paroles were properly dismissed by the magistrate judge.

---

[**]Although we liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we require arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25.

Beasley argues that the lack of drinking fountains and the lack of privacy in the dormitory units violates <u>Ruiz v. Estelle</u>, 503 F. Supp. 1265 (S.D. Tex. 1980), <u>aff'd in part and vacated in part</u>, 679 F.2d 1115, <u>amended in part and vacated in part</u>, 688 F.2d 266 (5th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1042 (1983). Violations of the <u>Ruiz</u> decree, without more, are not cognizable in a § 1983 cause of action. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122 (5th Cir. 1986).

Finally, Beasley alleges that, on August 19, 1994, he complained of congestion and wheezing due to asthma to the shift supervisor, Sergeant English, that English reported the condition to the medical department, and that the medical department reported that Beasley had no asthma problems in his records. This factual scenario is presented for the first time on appeal. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotations and citation omitted). These issues involve factual questions that were not addressed by the magistrate judge; therefore, they are not subject to review for the first time on appeal. Beasley's other allegations below regarding his medical treatment are abandoned as they have not been brought before the court.

Beasley has not shown that the dismissal for frivolousness was an abuse of discretion. <u>See</u> 28 U.S.C. § 1915(d); <u>Booker v. Koonce</u> 2 F.3d 114, 115 (5th Cir. 1993). Beasley's contentions on

appeal are wholly without merit, rendering the appeal frivolous.
See Coghlan v. Starkey, 852 F.2d 806, 811 (5th Cir. 1988).  This
appeal is DISMISSED.  See 5TH CIR. R. 42.2.